**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4458-18T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

VINCENT D. BANKS,
a/k/a RYHIM JOHNSON,

    Defendant-Appellant.

_____

Submitted November 12, 2020 – Decided December 9, 2020

Before Judges Fuentes and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 13-10-1416.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (Jaimee M. Chasmer, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Vincent D. Banks appeals from an April 24, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm, substantially for the reasons stated by Judge Frances A. McGrogan in her thorough and well-reasoned written opinion.

We discern the following facts from the record. On February 27, 2013, defendant possessed a shotgun without having a firearms purchaser's identification card (FPIC). On March 5, 2013, he distributed heroin to an undercover detective, and on March 15, 2013, defendant possessed a Ruger handgun even though he was previously convicted of federal distribution or possession with intent to distribute heroin.

Defendant was charged with third-degree possession of a shotgun without first obtaining an FPIC, N.J.S.A. 2C:39-5(c)(1) (count one); fourth-degree unlicensed sale of a shotgun, N.J.S.A. 2C:39-9(d) (count two); third-degree distribution of heroin, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(3) (count three); third-degree possession of heroin, N.J.S.A. 2C:35-10(a)(1) (count four); first-degree knowingly maintaining or operating a heroin manufacturing facility, N.J.S.A. 2C:35-4 (count five); third-degree possession with intent to distribute drug paraphernalia, N.J.S.A. 2C:36-3 (count six); second-degree possession of a handgun while committing a drug offense, N.J.S.A. 2C:39-4.1(a) (count

seven); and second-degree possession of a firearm while having previously been convicted of distribution and possession with intent to distribute heroin in federal court, N.J.S.A. 2C:39-7(b) (count eight).

In June 2014, defendant pled guilty to third-degree possession of a shotgun without first obtaining an FPIC card on February 27, 2013, N.J.S.A. 2C:39-5(c)(1) (count one); third-degree distribution of heroin on March 5, 2013, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(3) (count three); and second-degree possession of a firearm on March 15, 2013, while having been previously convicted of distribution and possession with intent to distribute heroin in federal court, N.J.S.A. 2C:39-7(b) (count eight). In exchange for his plea, the State agreed to recommend an aggregate sentence of fifteen years' imprisonment, subject to eight years of parole ineligibility. The plea agreement was based upon defendant receiving consecutive sentences for the three crimes and mandatory parole disqualification bars relative to the firearms offenses under the Graves Act, N.J.S.A. 2C:39-5(b), N.J.S.A. 2C:43-6(c).

The plea court found defendant freely and voluntarily admitted he was previously convicted in federal court of a drug distribution offense.[1] He did not possess an FPIC for his Moss Burke shotgun on February 27, 2013, and fully

---

[1] U.S. v. Vincent D. Banks, No. 4:CR-06-132.

A-4458-18T3

understood his plea agreement and provided truthful answers. The plea court also credited defendant's testimony that his trial attorney answered all his questions to his satisfaction.

Thereafter, defendant retained new counsel and filed a motion to withdraw his guilty plea. On the return date of the motion, defendant absconded and was not located for approximately five to six months, prompting his new counsel to withdraw from the case.

At the sentencing hearing scheduled in January 2016, defendant's third attorney appeared and represented that after conferring with defendant, he was withdrawing his motion to retract the plea. Defense counsel argued for concurrent sentences contrary to the terms of the plea agreement. Nonetheless, the sentencing court imposed consecutive sentences in accordance with the plea agreement, finding the three crimes were "separate and distinct."

Defendant appealed his sentence through the summary review process codified under Rule 2:9-11. The matter came before this court for oral argument on September 21, 2016. Appellate counsel for defendant contended that his sentence on the possession of a shotgun was illegal because no parole bar was mandated for a Graves Act violation under N.J.S.A. 2C:39-5(c), and the

sentencing court did not give sufficient reasoning to impose consecutive sentences under State v. Yarbough, 100 N.J. 627 (1985).

With the consent of counsel, we removed the matter to the plenary calendar to allow the parties to formally brief the Graves Act issues. While the appeal was pending, the parties negotiated a new plea agreement through which defendant was resentenced to a five-year term of imprisonment. The Criminal Part judge executed an amended judgment of conviction. The appeal was dismissed with prejudice on November 29, 2017.

On June 8, 2018, defendant filed a pro se PCR petition alleging his appellate counsel was ineffective for stipulating to a dismissal of his direct appeal because in addition to raising the issue of an illegal sentence, his direct appeal also addressed the alleged impropriety of imposing consecutive sentences. Further, defendant argued his trial counsel was ineffective for failing to communicate, review discovery, or consult with him during plea negotiations. After hearing oral argument on April 12, 2019, Judge McGrogan found defendant's arguments were belied by the record and she denied defendant's PCR petition without an evidentiary hearing. A memorializing order accompanied by a written opinion was entered on April 24, 2019.

On this appeal, defendant presents the following arguments:

POINT ONE

THIS MATTER MUST BE REMANDED FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW ON MR. BANKS' CLAIM THAT TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE. (Not Raised Below).

POINT TWO

MR. BANKS IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS APPELLATE ATTORNEY RENDERED INEFFECTIVE ASSISTANCE BY DISMISSING HIS DIRECT APPEAL AND THAT HIS TRIAL ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO COMMUNICATE, CONSULT, OR REVIEW DISCOVERY, ALL OF WHICH LED TO HIS INADEQUATE REPRESENTATION DURING PLEA NEGOTIATIONS.

Having canvassed the entire record presented to us, we conclude these arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We add the following comments.

A defendant's claim of ineffective assistance of counsel is considered under the standards established in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). The Strickland test applies to challenges to guilty pleas based on alleged ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). A

defendant must show that his or her attorney failed to provide advice that "was within the range of competence demanded of attorneys in criminal cases." Id. at 56 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). A defendant also must show "there is a reasonable probability that, but for counsel's errors, would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013).

"[I]n order to establish a prima facie claim, [the defendant] must do more than make bald assertions that he was denied the effective assistance of counsel. [The defendant] must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, 321 N.J. Super. at 170. The defendant must establish, by a preponderance of the credible evidence, that she is entitled to the required relief. State v. Nash, 212 N.J. 518, 541 (2013).

We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. State v. Preciose, 129 N.J. 451, 462 (1992). Following our review of defendant's arguments in light of the record and applicable legal principles, we are satisfied defendant's PCR petition was properly denied without an evidentiary hearing for the reasons outlined by Judge McGrogan in her comprehensive written opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-4458-18T3